**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TRUMAN FRIERSON,**

        **Plaintiff,**

 vs.                **1:17-CV-0044**
                    **(MAD/CFH)**

**TROY CITY SCHOOL DISTRICT BOARD OF EDUCATION;**
**ENLARGED CITY SCHOOL DISTRICT OF TROY;**
**JOHN CARMELLO,** *Superintendent*;
**KATHY AHERN,** *Attorney for the Enlarged City School District*;
**JOE MARIANO,** *Principal of Troy High School*;
**PAUL BEARUP,** *Varsity Girls Basketball Coach*; **and**
**PAUL REINISH,** *Director of Physical Education for Troy High School*,
        **Defendants.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**TRUMAN FRIERSON**
3 Sterling Avenue
Troy, New York 12180
Plaintiff *pro se*

**LEMIRE, JOHNSON & HIGGINS, LLC**   **GREGG T. JOHNSON, ESQ.**
648 Plank Road, Suite 204
Clifton Park, New York 12065
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   Plaintiff Truman Frierson commenced this action against Defendants Paul Bearup, Paul Reinish, Joe Mariano, John Carmella, Kathy Ahern, the Enlarged City School District of Troy (the "School District"), and the Troy City School District Board of Education, alleging both state and federal claims. *See* Dkt. No. 1. Defendants filed a motion to dismiss for failure to state a claim on July 12, 2017. *See* Dkt. No. 38. On March 15, 2018, this Court denied Defendants'

motion in part with regard to Plaintiff's First Amendment claim and granted Defendants' motion to dismiss for the remaining causes of action. *See* Dkt. No. 45 at 14. Presently before the Court is Defendant Ahern's motion for reconsideration. *See* Dkt. No. 48. For the following reasons, the motion is granted.

## II. BACKGROUND

Plaintiff alleges that his daughter ("FD") — a star high school basketball player — was treated unfairly by her coach, Defendant Bearup. *See* Dkt. No. 26 at 13-16. Plaintiff alleges that Defendant Bearup screamed at FD, attempted to interfere with her college athletic recruiting process, and denied her adequate playing time. *See id.* Plaintiff notified the school's principal, the superintendent of the School District, and a number of other school employees regarding his concerns, but was not satisfied with the response he received. *See id.* Eventually, Defendant Reinish, the director of physical education for Troy High School, informed Plaintiff that he would be prohibited from attending future basketball games. *See id.* at 23. The reason for and nature of this ban is not entirely clear from the complaint.

On January 13, 2017, when informed of the ban, Plaintiff initiated this action. *See* Dkt. No. 1. After the Court granted leave to amend, Plaintiff filed the amended complaint on June 2, 2017. *See* Dkt. Nos. 25, 26. Defendants moved to dismiss the amended complaint. *See* Dkt. No. 38.

## III. DISCUSSION

**A.     Standard of review**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10-CV-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011). "'In order to prevail on a motion for reconsideration, the movant must satisfy

2

stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Accordingly, earlier decisions in a case 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *In re Edny Cathode Ray Tube Antitrust Cases*, No. 17-CV-4504, 2017 WL 4351503, *1 (E.D.N.Y. Sept. 29, 2017) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**B.     Reconsideration**

Defendants' motion to dismiss for failure to state a claim was filed on July 12, 2017. *See* Dkt. No. 38. The Court denied that motion in part with respect to Plaintiff's First Amendment claim. *See* Dkt. No. 45 at 14. In denying the motion to dismiss with regard to the First Amendment claim, this Court found that, when drawing all reasonable inferences in Plaintiff's favor, Plaintiff's allegation that the alleged ban was not reasonable and viewpoint neutral is plausible. *See id.* at 10. Therefore, the First Amendment claim survived against all Defendants. *See id.*

In the motion to dismiss, Defendants argued that Defendants Carmello, Ahern, Mariano, Bearup and Reinish are entitled to qualified immunity. *See* Dkt. No. 38 at 25. This Court addressed those arguments in the March order and found, after examining controlling precedent,

"that the individual Defendants are not entitled to qualified immunity with respect to Plaintiff's First Amendment claim." Dkt. No. 45 at 11. Defendants then argued that "Plaintiff's Complaint is patently insufficient to support any individual capacity claim against Defendants based upon his failure and/or inability to plead 'personal involvement' and/or 'state action' which are required to establish § 1983 claims." *See* Dkt. No. 38 at 26.

Defendant Ahern argues that the motion for reconsideration must be granted in order to avoid clear error and prevent manifest injustice. *See* Dkt. No. 48 at 4. Defendant Ahern raises the following arguments in support of her motion for reconsideration: (1) "Defendant Ahearn Has No Authority Under Law to Ban Plaintiff From School Grounds," (2) "Defendant Ahearn is Not a 'State Actor,'" and (3) "The Complaint Fails to Allege Defendant Ahearn's 'Personal Involvement.'" *See id.* at 5-7. Plaintiff has not opposed the motion for reconsideration.

The sworn "Affadavit of Kathy A. Ahearn" makes it clear that Defendant Ahern is an employee of the private law firm, Guercio & Guercio, LLP, and is not an employee or official of the Troy City School District. *See id.* at 4. As Defendant Ahern is not an employee or official of the School District, it cannot be said that she is a government actor. Plaintiff's complaint does not include any allegations that Defendant Ahern prevented Plaintiff from attending basketball games at Troy High School or that she was involved in the decision that barred Plaintiff from the premises. Defendant Ahern's status as a private individual with no personal involvement in any of the First Amendment allegations contained within the complaint requires that Defendant Ahern's that Plaintiff's First Amendment claim against Defendant Ahern be dismissed.

## IV. CONCLUSION

After carefully reviewing the record in this matter and the applicable law, and for the reasons stated herein, the Court hereby

4

**ORDERS** that Defendant Ahern's motion for reconsideration (Dkt. No. 48) of the Court's March 15, 2018 Memorandum-Decision and Order (Dkt. No. 45) is **GRANTED**; and the Court further

**ORDERS** that Defendant Ahern is hereby **DISMISSED** as a party in this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2018
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge