UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**TRUMAN FRIERSON,**

                               **Plaintiff,**

vs.                                                    1:17-cv-44
                                                                (MAD/CFH)

**PAUL REINISCH,** *Director of Physical Education,*
*Health and Athletics* **and JOHN CARMELLO,**
*Superintendent*,

                               **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**SUSSMAN AND ASSOCIATES**       **JONATHAN R. GOLDMAN, ESQ.**
1 Railroad Avenue                          **MICHAEL H. SUSSMAN, ESQ.**
Suite 3
Post Office Box 1005
Goshen, New York 10924
Attorneys for Plaintiff

**JOHNSON & LAWS, LLC**           **GREGG T. JOHNSON, ESQ.**
648 Plank Road                              **APRIL J. LAWS, ESQ.**
Suite 205                                       **COREY A. RUGGIERO, ESQ.**
Clifton Park, New York 12065         **LORAINE CLARE JELINEK, ESQ.**
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On January 13, 2017, Plaintiff commenced this action asserting claims arising out of his interactions with students and employees of the Troy City School District. *See generally* Dkt. No. 1; *see also* Dkt. No. 26. In his remaining claims under 42 U.S.C. § 1983, Plaintiff alleges that Defendants John Carmello, the Superintendent for the Troy City School District, and Paul

Reinisch, the Director of Physical Education for Troy High School, violated his First Amendment rights when they placed a restriction on Plaintiff's attendance of future athletic events on January 13, 2017. *See generally* Dkt. No. 26.

Currently before the Court is Defendants' pre-trial motion *in limine*. In their motion, Defendants argue that they should be permitted to question Plaintiff regarding his criminal history, that any testimony by Deana Howell should be precluded, and that certain proposed exhibits authored after January 13, 2017 should be precluded. *See* Dkt. No. 111. Plaintiff opposes Defendants' motion *in limine*. *See* Dkt. No. 112.

For the reasons set forth below, the motion is granted in part, denied in part, and reserved on in part.

## II. DISCUSSION

**A.     Motions *in limine***

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41–42.

B.     **Plaintiff's Criminal Convictions**

Defendants first argue that, pursuant to Rule 609 of the Federal Rules of Evidence, that Defendants should be permitted to introduce evidence about Plaintiff's prior criminal convictions. *See* Dkt. No. 111 at 1–4. Plaintiff opposes that request, arguing that the convictions are remote in time and there is no probative value to referencing his criminal history. *See* Dkt. No. 112 at 1–2.

Plaintiff has three prior convictions. *See* Dkt. No. 111 at 2. In 1997, Plaintiff pled guilty to a charge of Criminal Mischief. *See id.*[1] In 1999, Plaintiff pled guilty to a charge of Attempted Assault in the Second Degree, and was sentenced to five years probation. *See* Dkt. No. 114-1 at 1.[2] In 2002, Plaintiff pled guilty to a charge of Attempted Criminal Possession of a Controlled Substance in the Fifth Degree (Cocaine), and was sentenced to a term of one and a half to three years imprisonment. *See id.*; *see also* Dkt. No. 112 at 1; Dkt. No. 114-1 at 3. Plaintiff was released from state prison in 2007. *See* Dkt. No. 112 at 1.

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

---

[1] The Court notes that this conviction was not included in the Unified Court System records that Defendants provided, but rather is only listed in Defendants' motion *in limine*.

[2] The Court notes that in 2001, Plaintiff pled guilty to violating his probation for his 1999 conviction. *See* Dkt. No. 114-1 at 2.

or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (citing Fed. R. Evid. 403).

Where over ten years have passed since the witness's past felony conviction or release from confinement for it, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b)(1)–(2).

In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 820, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "'[C]rimes of violence generally have limited probative value concerning the witness's credibility' and . . . theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *see United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, . . . [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *see Brown*, 606 F. Supp. 2d at 312.

As noted above, Plaintiff was convicted of criminal mischief in 1997, attempted assault in the 2nd degree in 1999, and attempted criminal possession of a controlled substance in the 5th degree (cocaine) in 2002.  Twenty-three years, twenty one years, and eighteen years have passed since Plaintiff was convicted of these charges; therefore, the convictions are admissible only if specific facts and circumstances are provided that demonstrate their probative value substantially outweighs any prejudicial effect.  *See* Fed. R. Evid. 609(b)(1)–(2).

Initially, the Court notes that Plaintiff's credibility is central in this case, where the outcome will likely depend on whose account of the events the jury credits.  Thus, in analyzing the admissibility of each of Plaintiff's convictions, the Court notes the importance of credibility determinations in this action.  With respect to Plaintiff's 1999 attempted assault conviction, as a crime of violence, it has minimal probative value as to Plaintiff's character for truthfulness.  *See Estrada*, 430 F.3d at 618.  Similarly, with respect to Plaintiff's 2002 attempted criminal possession of a controlled substance conviction, there is minimal probative value as to Plaintiff's character for truthfulness.  *See, e.g.*, *United States v. Whitley*, No. 04–cr–1381, 2005 WL 2105535, *3 n.2 (S.D.N.Y. Aug. 31, 2005) ("To the extent that the Government's motion is addressed to [defendant's] conviction for narcotics possession rather than sale, . . . the prior conviction has little probative value on the matter of truthfulness. . . .  [E]vidence of the prior conviction for narcotics possession is not admissible under Rules 609 and 403") (citation omitted); *Haynes v. Kanaitis*, No. 3:99–cv–2551, 2004 WL 717115, *3 (D. Conn. Mar. 3, 2004) ("[P]robative value as to credibility is not significant as it involves only possession of narcotics").  Moreover, unlike cases in which the courts in this Circuit have permitted the introduction of prior narcotics convictions for impeachment purposes under Rule 609(a), Plaintiff's prior conviction was not for narcotics distribution or sale.  *See United States v. Brown*, 606 F. Supp. 2d 306, 319

5

n.9 (E.D.N.Y. 2009) (plaintiff's prior conviction for narcotics possession "falls near the bottom of the impeachment value scale for narcotics-related crimes") (collecting cases).

With respect to Plaintiff's 1997 criminal mischief conviction, previous courts in the Circuit have found that, "in evaluating a witness' truthfulness there is no real distinction between a conviction for burglary or possession of stolen property and a conviction for criminal mischief." *Jones v. City of New York*, No. 98 CIV 6493, 2002 WL 207008, *2 (S.D.N.Y. Feb. 11, 2002). However, Defendants have not provided "specific facts and circumstances" about this conviction or how it relates to the matter currently before the Court.  Indeed, Defendants did not provide the Court with any conviction record about the 1997 conviction (though they did for his other convictions), nor did they mention this conviction in their motion *in limine* beyond stating, in only one sentence, that he had been convicted of this crime.  *See* Dkt. No. 111 at 1–4; Dkt. No. 114. Thus, Defendants have failed to meet their burden under Rule 609(b).

Having reviewed the record, the Court does not find that the probative value of any of these convictions "substantially outweighs" the prejudicial effect of admitting such stale convictions.  Although Defendants argue that these convictions may be relevant to Plaintiff's credibility at trial, *see* Dkt. No. 111 at 1–3, Defendants have not provided this Court with any circumstances to support a finding that the probative value of these convictions outweighs the prejudice that may occur in admitting convictions that range from eighteen to twenty-three years old.  As a result, the Court cannot find that this is one of those "very rare[ ] and [ ] exceptional circumstances" that require admission of old convictions.  *See Zinman v. Black & Decker (U.S.),*

*Inc.*, 983 F.2d 431, 434 (2d Cir. 1993).  Therefore, Defendants may not question Plaintiff as to his prior convictions or any details regarding them.[3]

### C. Testimony of Deana Howell

Defendants allege that the testimony of Deana Howell should be precluded because there "is no indication that Ms. Howell possesses any relevant information about the decision-making process of Defendants or had any role in Defendants' investigation of Plaintiff's conduct." Dkt. No. 111 at 4–5.  However, Plaintiff contends that Ms. Howell's testimony is relevant to placing Plaintiff's "conduct in context and in understanding the motivation for these defendants' unconstitutional conduct." Dkt. No. 112 at 3.

At this time, the Court cannot conclude that the probative value of this testimony is substantially outweighed by the danger of unfair prejudice.  *See, e.g.*, *Cruz v. United Auto. Workers Union Local 2300*, No. 3:18-CV-48, 2019 WL 3239843, *26 (N.D.N.Y. Jul. 18, 2019) ("The Court, in its discretion, declines to rule on the admissibility of evidence where it does not have any clear indication of the particular evidence sought to be excluded or its intended use; without the specific evidence before it for examination, the Court certainly cannot determine whether such evidence would be inadmissible in all respects") (citation omitted).  Accordingly, the Court finds that it must reserve on this aspect of Defendants' motion.[4]

---

[3] While Defendants claim that there are additional independent bases for questioning Plaintiff about his prior criminal convictions beyond Rule 609, they provide no case law or legal support informing the Court as to what these bases are.  Thus, their request is denied.

[4] The Court notes that it is leaning towards allowing Ms. Howell to testify based on Plaintiff's representation that her testimony will demonstrate that Defendants deliberately singled out Plaintiff as a singular bad actor.

**D.      Proffer of Text and/or E-Mail Messages Authored After January 10, 2017**

Defendants allege that Plaintiff's proposed Exhibits 33, 34, 35, 36, and 37 should be excluded because they do not have any probative value. *See* Dkt. No. 111 at 4. Namely, Defendants state that because these messages were exchanged after January 13, 2017, the date Plaintiff was no longer allowed to attend athletic events, they are irrelevant, prejudicial, and potentially confusing. *See id.* at 5.

The Court has reviewed Plaintiff's proposed Exhibits 33, 34, 35, 36, and 37. Taken as a whole, these documents/exhibits are not admissible as they contain hearsay (in some instances, double and triple hearsay), reference issues not involved in the present action, such as Title IX, and contain inappropriate, self-serving conclusions of law and fact. Some very limited portions of Exhibit 33 may be admissible. Exhibit 34 is not admissible as it is self-serving, prejudicial, and constitutes hearsay. Exhibit 35 is inadmissible as it is irrelevant. Exhibit 36 is inadmissible as it is irrelevant. Exhibit 37 constitutes hearsay and inappropriate and self-serving statements of law and fact. Very limited portions of the exhibit that fall outside this category may be admitted.

Nothing in this decision is meant to preclude the parties from testifying to the full extent regarding the actions taken by Plaintiff before he was banned from sporting events. The Court reserves the right to change its ruling after hearing the testimony of the parties.

In closing, the Court notes the following: incendiary testimony regarding "child abuse" will not be allowed. The trial will not be a hearing on the qualifications of the varsity girls basketball coach, Paul Bearup. The only party that may seek damages is Plaintiff, Truman Frierson, and alleged injury to family members is not relevant. Plaintiff and Defendants may advise the jury that Plaintiff commenced Title IX litigation, but beyond that, Title IX is not relevant to the issues in the present case.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 111) is **GRANTED in part, DENIED in part, and RESERVED on in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 31, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge